

FILED
03/14/2017
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 18, 2017

**ODELL WISDOM v. RANDY LEE, WARDEN and
STATE OF TENNESSEE**

**Appeal from the Circuit Court for Johnson County
No. CC-16-CR-81    Lisa N. Rice, Judge**

_____

**No. E2016-01737-CCA-R3-HC**
_____

The Petitioner, Odell Wisdom, appeals as of right from the Johnson County Circuit Court's summary dismissal of his petition for writ of habeas corpus. He claims entitlement to habeas corpus relief, alleging that his separate convictions for contempt and failure to appear violate double jeopardy principles. Following our review, we conclude that the Petitioner has failed to state a cognizable claim for relief and, therefore, affirm the summary dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. ROBERT H. MONTGOMERY, JR., J., not participating.

Odell Wisdom, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter, and Robert W. Wilson, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

We glean the following facts from the record. On February 19, 2011, the Petitioner was directed to report to the Sullivan County Jail to begin serving an effective eight-year sentence (case number S57,413) for three felony convictions involving the sale of cocaine within 1000 feet of a drug-free school zone. See Tenn. Code Ann. §§ 39-17-417, -432. After the Petitioner failed to report, he was indicted for felony failure to appear (case number S59,091). See Tenn. Code Ann. § 39-16-609. On July 28, 2011, he

pled guilty as charged to failure to appear and received a five-year sentence as a Range III, persistent offender. In addition, the Petitioner had been charged with contempt of court in case number S57,413 "for his alleged failure to report to the Sullivan County Jail on February 19, 2011, to begin serving an eight-year sentence with 100% RED in the Tennessee Department of Correction." The Petitioner pled guilty to contempt on October 13, 2011, and received a ten-day sentence of unsupervised probation.[1] Pursuant to the terms of the agreement in case number S59,091, the Petitioner's five-year sentence for failure to appear was to be served consecutively to the eight-year sentence but concurrently with the ten-day sentence. Other than alignment of the sentences, the failure to appear plea agreement did not reference the convictions in case number S57,413.

On June 8, 2016, the Petitioner, pro se, filed a petition for writ of habeas corpus, asserting that his convictions for failure to appear and contempt were void being imposed in violation of his double jeopardy rights. The Petitioner noted therein that this was his second petition for writ of habeas corpus; the previous petition having been dismissed because the Petitioner filed the pleading in the county of conviction rather than in the county of incarceration.

The State filed a motion to summarily dismiss the petition on July 5, 2016. The State first argued that the Petitioner had failed to comply with the procedural requirements for habeas corpus relief by failing to attach any judgment of conviction and the prior habeas corpus petition. See Tenn. Code Ann. § 29-21-107(b)(2), (4) (outlining the mandatory statutory procedural requirements for petitions for habeas corpus relief). Turning to the substance of the petition, the State asserted that the Petitioner had failed to state a cognizable ground for relief because double jeopardy violations do not render a conviction void. The Petitioner, on July 15, 2016, filed a response to the State's motion to dismiss, attaching his prior habeas corpus petition, his failure to appear judgment form, and the order holding him in contempt of court. The habeas corpus court summarily dismissed the petition by written order signed on July 21, 2016,[2] concluding simply "that the respondent's motion is well-taken and should be granted." The Petitioner filed a notice of appeal therefrom.

## ANALYSIS

---

[1]  The trial court entered the order nunc pro tunc on October 9, 2013.

[2]  Oddly, the order reflects a file-stamped date of July 18, 2016, which was three days prior to it being signed by the trial court judge.

-2-

On appeal, the Petitioner argues that the habeas corpus court erred by dismissing his petition for failing to follow the procedural requirements.[3] The Petitioner further contends that his dual convictions for failure to appear and contempt violated his double jeopardy protections.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

Initially, we note that the procedural requirements for habeas corpus relief are "mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165. In this case, the habeas corpus court's order is unclear as to whether it was dismissing the Petitioner's request for a writ of habeas corpus on procedural grounds, substantive

---

[3] With this court, the Petitioner, in addition to his brief, filed a document tiled "Statement of the Record." In this document, he submits that he was coerced into pleading guilty in case number S59,091, with a promise of concurrent sentencing on all convictions. This claim was not raised in the court below and is being raised for the first time on appeal. Possible waiver notwithstanding, the Petitioner's claim that his guilty plea was unknowing and involuntary due to coercion, if proven, would render the challenged judgment voidable rather than void and does not present a cognizable claim for habeas corpus relief. See Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993).

grounds, or both.[4] The State seemingly does not argue on appeal that the habeas corpus petition failed to comply with the mandatory statutory procedural requirements. The Petitioner supplemented the petition by attaching the missing documents to his response to the State's motion to dismiss, which action is sufficient to cure any procedural defects. See Barry C. Melton v. Arvil "Butch" Chapman, Warden, No. M2012-00322-CCA-R3-PC, 2013 WL 139561, at *5 (Tenn. Crim. App. Jan. 11, 2013) (relying on the supplemented petition and attached documentation to conclude that the sentences imposed in the judgments were void and, accordingly, subject to habeas corpus relief).

Regardless of the procedural adequacy of the petition, we may briefly dispense with the Petitioner's double jeopardy claim. First, such an allegation would render a conviction merely voidable, not void, and as such is not a proper basis of a petition for habeas corpus. See Timothy Lee Armstrong v. Tammy Ford, Warden, No. W2016-00891-CCA-R3-HC, 2017 WL 838667, at *2 (Tenn. Crim. App. Mar. 3. 2017); Vincent Love Williams v. Henry Steward, Warden, No. W2011-01954-CCA-R3-HC, 2012 WL 2308094, at *3 (Tenn. Crim. App. June 18, 2012) (citing Patrick Thurmond v. David Sexton, Warden, No. E2010-02256-CCA-R3-HC, 2011 WL 6016890, at *4-5 (Tenn. Crim. App. Dec. 5, 2011); Daniel Deeter v. Cherry Lindamood, Warden, No. M2011-00636-CCA-R3-HC, 2011 WL 3941142, at *2 (Tenn. Crim. App. Sept. 8, 2011); Ricky Lynn Hill v. Tony Parker, Warden, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App. Jan. 24, 2011); Bobby James Mosley v. Wayne Brandon, Warden, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at * 5 (Tenn. Crim. App. June 20, 2007); Ralph Phillip Claypole. Jr., v. State, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim .App. May 16, 2001)).

Additionally, in his appellate brief, the Petitioner asks this court to reverse "the judgments, presentments and indictments" in case number S57,413, which is his three felony drug convictions and ensuing contempt offense, and also in case number S59,091, the failure to appear conviction. According to the Petitioner, all of these convictions are "void on their face." However, the contempt offense and failure to appear conviction were not part of the same guilty plea agreement, other than the agreement about the alignment of sentences. The Petitioner's guilty plea to the three felony drug convictions occurred before his actions precipitating the convictions for failure to appear and contempt. The Petitioner essentially entered into three separate plea agreements, all pleas being entered on different dates.

In State v. Franklin, this court held that a guilty plea waives a claim of merger on double jeopardy grounds and that Rule 37(b)(2) of the Tennessee Rules of Criminal

---

[4] Tennessee Code Annotated section 29-21-109 requires, "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ [of habeas corpus] may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." (Emphasis added).

Procedure required a defendant to explicitly reserve a claim of merger prior to pleading guilty. Franklin, 919 S.W.2d 362, 368 (Tenn. Crim. App. 1995); see also Cecil Eugene Brannan v. State, No. M2002-00628-CCA-R3-CD, 2003 WL 1868648, at *3 (Tenn. Crim. App. Apr. 11, 2003). Additionally, in State v. Rhodes, this court relied on the United States Supreme Court decision of Menna v. New York, 423 U.S. 61, 62 (1975), and determined that a guilty plea does not automatically waive a double jeopardy claim when it is apparent from the record that the claim was raised before the trial court. Rhodes, 917 S.W.2d 708, 710-11 (Tenn. Crim. App. 1995). Nowhere is it evident from the record that the Petitioner raised a double jeopardy argument before the trial court. See State v. Ronald Woods, Jr., No. W2009-02580-CCA-R3-CD, 2010 WL 4117165, at *4-5 (Tenn. Crim. App. Oct. 20, 2010) (holding that double jeopardy claim was waived because nothing in the record showed that there was any attempt to preserve this issue before the trial court).

Moreover, even if we were to find merit to the Petitioner's claim that his dual convictions for failure to appear and contempt were violative of double jeopardy principles, he would not be entitled to the relief he seeks. The appropriate remedy would be either dismissal of the contempt charge or merger of the two convictions. See State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997).

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
D. KELLY THOMAS, JR., JUDGE

-5-